United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| STEVEN C.,[1] | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:21-cv-1066 |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social | § | |
| Security | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM AND ORDER

Plaintiff Steven C. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ,

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On June 14, 2021, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 10.

ECF No. 17; Def.'s MSJ, ECF No. 19. Plaintiff challenges the Administrative Law Judge's ("ALJ") determination, arguing that the ALJ's finding that Plaintiff is not disabled is not supported by substantial evidence and is the result of legal errors. ECF No. 17. Defendant counters, asserting that the ALJ carefully reviewed the record, delineated his findings with attention to the full record, and pointed to substantial evidentiary support for his findings. Def.'s MSJ Brief, ECF No. 20. Based on the briefing, the law, and the record, the Court determines that substantial evidence supports the ALJ's determination. Therefore, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.   BACKGROUND

Plaintiff is 59 years old, R. 192,[3] and has a four-year college education. R. 197. Plaintiff worked as a probation officer, tool crib attendant, security guard, and a protective officer. R. 55. Plaintiff alleges a disability onset date of August 1, 2019. R. 10. Plaintiff claims he suffers physical and mental impairments. *Id.*

On September 26, 2019, Plaintiff filed his application for disability benefits under Title II of the Act. R. 168–69. Plaintiff based[4] his application on limitations

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 14.

[4] The relevant time period is August 1, 2019—Plaintiff's alleged onset date—through October 16, 2020—the date of the ALJ's decision. R. 12, 20. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant

stemming from post-traumatic stress disorder ("PTSD"), depression, tinnitus, seizures, spinal fusion, and hernia surgery on the left and right side. R. 196. The Commissioner denied his claim initially, R. 104–07, and on reconsideration, R. 111– 13.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 25. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 26. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 7–23. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1. Plaintiff filed suit appealing the determination.

---

time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step four. R. 20. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date. R. 12 (citing 20 C.F.R. §§ 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: disorders of the cervical spine, major depressive disorder, PTSD, recurrent headaches, and obesity. R. 12 (citing 20 C.F.R. § 404.1520(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 13 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b). R. 15. However, the ALJ added limitations, including that Plaintiff could stand and/or walk six hours in an eight-hour workday; could sit six hours in an eight-hour workday; could lift and/or carry 10 pounds frequently and 20 pounds occasionally; could occasionally stoop, kneel, crouch, and negotiate ramps and stairs; could understand, remember, and carry out detailed but not complex tasks; and should never be required to work at a forced pace. R. 15. At step four, the ALJ determined that Plaintiff was able to perform past relevant work as a security guard. R. 19 (citing 20 C.F.R. § 404.1565). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 20.

## II. STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability;

4

and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.   THE SHIFTING BURDEN OF PROOF IN A DISABIILITY CASE.

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The

Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A)(2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3)(2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

In challenging the ALJ's finding that he is not disabled, Plaintiff raises three issues: (1) the ALJ erred at step three in evaluating whether Plaintiff meets the listing requirements for his mental health condition; (2) the ALJ's RFC finding was

6

erroneous; and (3) the ALJ erred in giving no limitations for a severe impairment. ECF No. 17 at 1. Defendant counters that substantial evidence supports the ALJ's finding at step three that Plaintiff did not meet or equal Listing 12.04. ECF No. 20 at 5-11. Defendant also argues that substantial evidence supports the ALJ's RFC finding. *Id*. at 11-17. Finally, Defendant responds that the ALJ's RFC properly accommodated Plaintiff's severe impairment of recurrent headaches. *Id*. at 17-18. The Court will discuss each argument in turn.

### A. The ALJ Did Not Commit Reversible Error At Step Three.

Plaintiff's first assignment of error—that the ALJ erred at step three can be divided into two parts. First, Plaintiff contends that his "impairments satisfy the criteria of Listing 12.04" and that the ALJ erred in his contrary finding. Plaintiff's primary argument is that the ALJ mischaracterized, and cherry picked the record, which resulted in an erroneous finding that Plaintiff did not have at least one extreme limitation, or two marked limitations as required to satisfy paragraph B and meet Listing 12.04's requirements. ECF No. 17 at 7-16. Second, Plaintiff contends that the ALJ failed to properly analyze whether Plaintiff satisfied paragraph C. *Id*. at 16-18. Defendant responds that the ALJ properly considered the evidence and substantial evidence supported the ALJ's paragraph B determination. Defendant does not respond to Plaintiff's contentions regarding the ALJ's deficient paragraph C analysis. The Court affirms the ALJ's step three decision because substantial

evidence supports the ALJ's paragraph B decision, and the ALJ's deficient paragraph C analysis did not prejudice Plaintiff.

### 1. *The step three analysis.*

At step three of the evaluation process, the ALJ must determine whether a claimant's impairments meet or equal the listing criteria as set forth in 20 C.F.R. § 404, Subpart P, App. 1. *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990). If so, the claimant is presumed disabled. *Id*. at 532; *see also Reyna v. Colvin*, No. 14-CV-147, 2015 WL 1515251, at *2 (N.D. Tex. Apr. 1, 2015). A claimant bears the burden of establishing that every requirement of the relevant listing—generally referred to as "paragraphs"—is met. *Smith v. Berryhill*, No. 18-CV-2490, 2019 WL 3557586, at *5 (S.D. Tex. July 11, 2019), *report and recommendation adopted*, 2019 WL 3548850 (Aug. 5, 2019). "The criteria in the medi[c]al listing are demanding and stringent, and an impairment that manifests only some of those criteria, no matter how severely, does not qualify as a disability." *Heck v. Colvin*, 674 F. App'x 414-15 (5th Cir. 2017) (quotations and citations omitted) (alterations omitted); *see also Whitehead v. Colvin*, 820 F.3d 776, 781 (5th Cir. 2016). Plaintiff assigns error to the ALJ's analysis of paragraphs B and C, which respectively provide:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).

4. Adapt or manage oneself (see 12.00E4).

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. § 404, Subpart P, App. 1, §§ 12.04(B), (C).

### 2. The ALJ properly considered and weighed the medical evidence in concluding that the paragraph B criteria were not satisfied.

Plaintiff argues that the ALJ "mischaracterized the [evidence] in order to justify his flawed determination" that Plaintiff "does not have one extreme limitation or two marked limitations in areas of function." ECF No. 17 at 7-8. Plaintiff's argument lacks merit because substantial evidence supports the ALJ's step three determination.

In evaluating an ALJ's step three analysis, the question is not whether there is evidence that Plaintiff satisfies the criteria in Listing 12.04, but whether there is more than a "mere scintilla" of evidence to support the ALJ's finding that Plaintiff does not meet the listing. *See Casillas v. Colvin*, No. 15-CV-12, 2016 WL 3162146, at *4 (W.D. Tex. June 3, 2016) ("Plaintiff argues that the record evidence indicates that

Plaintiff's impairment(s) meet the criteria in Listing 1.04A. The Court, however, reviews only whether there is substantial evidence to support the ALJ's determination that Plaintiff's impairment did not meet or equal a listing impairment.") (citation omitted); *Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). The Court cannot "reweigh the evidence, try the issues de novo, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The ALJ relied on evidence and adequately explained his reasons for finding that Plaintiff did not satisfy the paragraph B criteria.

First, the ALJ found that Plaintiff had a moderate limitation in understanding, remembering, or applying information. In support of his finding, the ALJ cited treatment notes from September 17, 2019, October 9, 2019, November 7, 2019,[6] January 14, 2020, and February 18, 2020.[7] Each of those treatment notes reflected that Plaintiff's memory was within normal limits.

---

[6] The November 7, 2019 treatment notes do not include any information regarding Plaintiff's memory or attention. However, because the treatment notes from November 6, 2019 note that Plaintiff's memory and attention were within normal limits, the Court views this as a scrivener's error. *Courtney B. v. Kijakazi*, No. 4:19-CV-04525, 2021 WL 4243512, at *4 (S.D. Tex. Sept. 17, 2021) ("In cases where the error has no effect on the analysis or the outcome, courts again consider it to be a scrivener's error.").

[7] R. 346-47 (9/17/19) (noting that Plaintiff's memory was within normal limits); R. 314-16 (10/9/19) (same); R 1901-1903 (11/6/19) (same), R. 1792-93 (1/14/20) (same); R. 2214-16

Second, the ALJ found that Plaintiff had a mild limitation in interacting with others. In making this finding, the ALJ relied on the Plaintiff's assertion that "he ha[d] no problems getting along with friends, family, neighbors, or others." *Id*. at 14 (citing R. 235-43). Third, the ALJ determined that Plaintiff had a moderate limitation concentrating, persisting, or maintaining pace. In support of his decision, the ALJ cited treatment notes from September 17, 2019, October 9, 2019, November 7, 2019, January 14, 2020, and February 18, 2020.[8] Those treatment notes stated Plaintiff's attention was "within normal limits." *Id*. Fourth, the ALJ found that Plaintiff had a mild limitation in adapting or managing oneself. In support of his determination, the ALJ cited September 26, 2019 treatment notes describing Plaintiff as "remain[ing] independent with his activities of daily living." *Id*. at 15 (citing R. 332-39 (9/26/19)).

Plaintiff takes issue with the ALJ's mild limitation determination with respect to interacting with others and adapting or managing oneself. [9] Regarding the interacting with others mental function, Plaintiff objects to the ALJ's reliance on

---

(2/18/20) (same).

[8] R. 346-47 (9/17/19) (Noting that Plaintiff's attention was within normal limits); R. 314-16 (10/9/19) (same); R 1901-1903 (11/6/19) (same), R. 1792-93 (1/14/20) (same); R. 2214-16 (2/18/20) (same).

[9] Plaintiff also includes a section titled "Self-Destructive Tendencies," which broadly argues that his mental health is "*far worse* than how the ALJ describes." ECF No. 17 at 14 (emphasis in original). Plaintiff does not explain how any of the evidence cited in this section affects the analysis of the four paragraph B mental functioning areas. It is not the Court's burden to connect the evidence with the paragraph B criteria. *De Leon v. Berryhill*, No. 18-CV-185, 2019 WL 404176, at *5 (W.D. Tex. Jan. 31, 2019) (finding ALJ's determination plaintiff did not meet Listing 12.04 or 12.06 supported by substantial evidence because, while plaintiff cited her medical history at length, she did not demonstrate how the evidence met each requirement under the listings).

Plaintiff's February 14, 2020 function report. In that report, Plaintiff stated that "he has no problems getting along with friends, family neighbors or others." ECF No. 17 at 8 (quoting R. 15). Plaintiff argues that the ALJ should not have considered this statement because other answers in the function report indicated that he "has no problems interacting because of the fact he has no social interaction whatsoever due to his depression." *Id.* at 9. Plaintiff also indicates that he should have been assessed more than a mild limitation because of the mild to severe results on a self-report questionnaire in areas pertaining to social functions that he completed on May 23, 2019. *Id.* (citing R. 1600).

Although Plaintiff points to some evidence that supports his argument, other evidence undermines Plaintiff's assertion that he "has no social interaction whatsoever." For example, as the ALJ noted, Plaintiff went on a three day vacation with his family to Disney World in December 2019. R. 17 (citing R. 47-54). The ALJ's opinion must stand or fall on the reasons given, *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000), however, when reviewing the record as a whole, evidence indicates that, in November 2019 just before the trip to Disney World, Plaintiff reported seeing his family and friends more often. *Id.* at 1853 (11/25/19). Similarly, the ALJ spent time questioning Plaintiff about the trip. R. 47-54. Plaintiff testified that he walked around the amusement park, waited on lines for rides, went on rides with his grandchildren, and had fun. *Id.* Although the Court may have weighed one

12

three day vacation differently, the ALJ is the sole arbiter of the credibility of the evidence, and conflicts in the evidence are for the ALJ, not the courts to resolve. *Newton*, 209 F.3d at 453.

Regarding the adapting or managing oneself mental function, Plaintiff argues there was no evidence supporting the ALJ's decision because the evidence upon which the ALJ relied should not have been considered. ECF No. 17 at 10. Plaintiff's primary contention is that the ALJ's reliance on treatment notes from PM&R Spine Clinic which stated that Plaintiff "ambulates independently and remains independent with ADLs," R. 332 (9/26/19), should not have been considered because the notes pertain to Plaintiff's "*physical* limitations, not his *mental*" limitations, ECF No. 17 at 10 (emphasis in original). This distinction is of no moment here. The notes reflect the activities Plaintiff actually engaged in *despite* any limitations he might have— be they physical or mental. Additionally, the ALJ cited other evidence supporting his decision that Plaintiff had only a mild limitation in adapting or managing oneself—including that Plaintiff testified that he took his dogs for a walk each day, R. 17 (citing R. 35, 44), did yard work like mowing the grass each week, and takes out the trash, R. 17 (citing R. 45). Furthermore, the ALJ considered state agency medical examiners conclusions that Plaintiff did not meet or equal any listing after reviewing the record. R. 15 (citing R. 67-79 (December 15, 2019 Disability Determination Explanation), R. 81-97 (March 24, 2020 Disability Determination

Explanation)).

Therefore, there was substantial evidence supporting the ALJ's paragraph B determination.

### 3. Although the ALJ's paragraph C analysis was insufficient, remand is not warranted because Plaintiff failed to show prejudice.

Plaintiff contends that the ALJ erred in failing to explain his reasons for reaching his paragraph C determination. The Court finds that although the ALJ did err, Plaintiff failed to show prejudice as a result. Therefore, the Court will not remand on this basis.

"[T]he ALJ [is] required to discuss the evidence offered in support of the [claimant's] claim for disability and to explain why [they] found [the claimant] not to be disabled." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). However, "[p]rocedural perfection in administrative proceedings is not required, and the Court will not vacate the ALJ's decision unless Plaintiff can show that his substantial rights were affected." *McCain v. Colvin*, No. 3:12-CV-4001-BF, 2013 WL 6578996 at *4 (N.D. Tex. Dec. 13, 2013) (citing *Mays v. Bowen*, 837 F.2d 1362, 1363-64 (5th Cir. 1988)). Remand for failure to comply with SSR 96-8p requires a showing of prejudice. *Id.* "[T]o establish prejudice warranting remand, Plaintiff must show that consideration . . . might have led to a different decision." *Id.*

Here, the ALJ failed to explain why Plaintiff did not meet the paragraph C criteria. In full, the ALJ wrote: "The undersigned has also considered whether the

'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." R. 15. Such a conclusory statement without any corresponding analysis is not sufficient. *See Audler*, 501 F.3d 448 (finding procedural error where ALJ failed to explain his conclusion).

Having demonstrated procedural error, Plaintiff "bears the burden of demonstrating prejudice." *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012). Although Plaintiff recognized his burden, he did not point to any evidence that would support a finding that adequate analysis would have led to a different decision. ECF No. 17 at 18-19. Plaintiff's argument in this regard was limited to the conclusory statement, without citing evidence in support, that Plaintiff "is incapable of adapting to changes in his environment." ECF No. 17 at 18. Even if Plaintiff had offered evidence supporting a finding of prejudice, evidence in the record indicates that Plaintiff has more than a "minimal capacity to adapt to changes." For example, Plaintiff is capable of caring for his dogs, R. 35, 44, doing yard work, R. 45, performing housework, R. 45, going to church, R. 218, 239, and vacationing with his family, R. 47-54. *See Ellis v. Saul*, No. CV 20-329-BAJ-EWD, 2021 WL 4484561, at *11 (M.D. La. Sept. 7, 2021), *report and recommendation adopted*, No. CV 20-00329-BAJ-EWD, 2021 WL 4483062 (M.D. La. Sept. 29, 2021) (finding that similar activities supported a finding that plaintiff had more than a minimal capacity to adapt to changes).

Therefore, Plaintiff has not demonstrated prejudice as required for remand.

## B. Substantial Evidence Supports the ALJ's RFC Finding.

Plaintiff argues that the ALJ's RFC analysis was erroneous on three grounds: (1) a psychiatric medical expert was not present during the hearing and the ALJ did not order a consultative examination; (2) the ALJ's RFC determination failed to properly reflect his mental limitations; and (3) the ALJ erred because Plaintiff cannot perform light work on a regular and continuing basis. Defendant responds that the ALJ was not required to consult with a psychiatric medical expert and the ALJ's RFC analysis was supported by substantial evidence. The Court agrees with Defendant.

### 1. *The ALJ's RFC analysis.*

Before reaching step four of the evaluation process, the ALJ must determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4). RFC is a "determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005) (citing 20 C.F.R. § 404.1545(a)(1)). This evidence includes, but is not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Roe v. Astrue*, No. 11-CV-226, 2013 WL 490676, at *4 (N.D. Tex. Feb. 8, 2013); *see Hollis v. Bowen*, 837 F.2d

1378, 1386-87 (5th Cir. 1988) ("A person's [RFC] is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.").

The RFC determination is the sole responsibility of the ALJ. *Taylor v. Astrue*, 706 F.3d 600, 602–603 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). As administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, the "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984). The ALJ must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and reasons for his or her conclusions regarding the evidence. *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1373 (W.D. Tex. 1993).

### 2. *The ALJ did not err in assessing Plaintiff's RFC without the assistance of a psychiatric medical expert during the hearing.*

Plaintiff contends the ALJ erred because he did not consult with a psychiatric expert during Plaintiff's hearing and did not order a psychiatric consultative examination. ECF No. 17 at 19-20. Both contentions are meritless.

First, Plaintiff's argument that a psychiatric medical expert was required to be present at the hearing is not supported. Neither case Plaintiff cited supports his

argument that a medical expert must be present at a disability hearing. *Berrios Lopez v. Sec'y of Health & Hum. Servs.*, 951 F.2d 427, 431-32 (1st Cir. 1991) (affirming Secretary's reliance on opinions of non-examining physicians); *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (declining to reach question of whether ALJ committed error by making "his own medical conclusions" where attendance at hearing by medical expert was not at issue). In arriving at the RFC determination, it is proper for the ALJ to "interpret the medical evidence to determine [the Plaintiff's] capacity for work." *Taylor*, 706 F.3d 602–03.

Second, "whether to consult a medical expert is generally a matter left to the discretion of the ALJ." *Galloway v. Astrue*, No. H-07-01646, 2008 WL 8053508, at *4 (S.D. Tex. May 23, 2008). "An ALJ requests a [medical expert] to testify when she or he feels it necessary." *Haywood v. Sullivan*, 888 F.2d 1463, 1467 (5th Cir. 1989). Plaintiff relies on *Reeves v. Heckler*, 734 F.2d 519 n.1 (11th Cir. 1984), for the proposition that the duty to develop the record requires an ALJ to order a consultative examination if one is needed to make an informed decision. ECF No. 17 at 20. In *Reeves*, the Eleventh Circuit observed that it was *possible* that a consultative examination was necessary where "SSA's consulting doctor recommended such an evaluation." 734 F.2d 519 n.1. Here, no doctor recommended a consultative examination. Moreover, there is no evidence in the record that Plaintiff's condition had worsened since he was examined or that he requested a consultative examination

before or during his hearing. *See, e.g., Chapa v. Soc. Sec. Admin.*, No. 6:21-CV-00015, 2022 WL 1176750, at *11 (S.D. Tex. Mar. 14, 2022), *report and recommendation adopted*, No. 6:21-CV-00015, 2022 WL 1173346 (S.D. Tex. Apr. 20, 2022) (finding plaintiff pointed "to no evidence that he requested a consultative examination at any point during the claims process or any expert testimony at the administrative hearing," and the RFC was based on substantial evidence without those medical opinions); *Roberts v. Colvin*, 946 F. Supp. 2d 646, 661 (S.D. Tex. 2013) (in similar circumstances, finding that "there is nothing to indicate that an additional consultative examination was required"). Simply put, the Court is not aware of any evidence in the record, and Plaintiff points to none, indicating that a consultative examination was needed. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir.1989) ("The ALJ decides whether such evaluation is necessary by examining the record, and the decision is committed to the ALJ's discretion."). Accordingly, the ALJ's determination that a consultative examination was not necessary was reasonable given the thousands of pages of medical evidence in the record. R. 285-2275.

Even if Plaintiff had shown that a consultative medical examination was necessary, he would have to demonstrate that the ALJ's failure to order one prejudiced him. In the Fifth Circuit, prejudice is established when Plaintiff shows that a consultative medical examination "could and would have adduced evidence

that might have altered the result." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir.1995).

Plaintiff does not meet his burden of showing prejudice, as he does not offer any argument or evidence that a consultative medical examination would have altered the result. *Hernandez v. Saul*, No. EP-18-CV-00055-MAT, 2019 WL 4482942, at *7 (W.D. Tex. Sept. 18, 2019) (finding no prejudice where plaintiff failed to show or argue with any specificity that error would have altered result).

### 3. Substantial evidence supports the ALJ's RFC finding regarding Plaintiff's limitations.

Plaintiff argues that the ALJ's RFC determination does not accurately reflect the restrictions and impairments of his mental limitations. Plaintiff contends that the ALJ "cherry-picked the medical records."   ECF No. 17 at 22. In support of this argument, Plaintiff points to several pieces of evidence he alleges were ignored or not given adequate weight. For example, Plaintiff complains that the ALJ did not adequately consider his testimony regarding suicide attempts, memory loss, propensity for disorientation, panic attacks, difficulty getting along with others, lack of focus, and difficulty adapting to stress and changes in routine. ECF No. 17 at 20-21.

To the contrary, the ALJ's decision reflects that he took Plaintiff's testimony into account. R. 17. In fact, the ALJ identified many of the same issues Plaintiff now claims were ignored. *Id*. ("claimant testified that he has attempted suicide 10-15 times in the last 18 months, he has memory loss. . . he is easily disoriented . . . he

experiences panic attacks, and he has difficulty getting along with others."). As noted in his decision, other portions of Plaintiff's testimony indicated that his "alleged symptoms and limitations may have been overstated." *Id*. For example, as the ALJ noted, Plaintiff "takes his dogs for a walk and he does some yard work like mowing the grass" and "walked around [Walt Disney World's] various theme parks on foot." *Id*.

In making his determination, the ALJ relied on four state medical examiners' opinions. *Id*. at 18. The state medical examiners concluded that, although Plaintiff could not perform a full range of medium work, he could "understand, remember, and carry out detailed but not complex instructions, make important decisions, attend and concentrate for extended periods, interact with others, accept instructions, and respond to changes in work settings." *Id*. (citing R. 67-79, 81-97). Finding these opinions partially persuasive, the ALJ discounted them regarding Plaintiff's physical limitations because they did not "adequately consider claimant's subjective complaints or the combined effect of the claimant's impairments." *Id*. This demonstrates that the ALJ credited Plaintiff's testimony in making his limitations determination, even if not to the full extent he desired. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) ("The task of weighing the evidence is the province of the ALJ.").

Thus, substantial evidence exists supporting the ALJ's RFC determination.

### 4.  *The ALJ did not err regarding Plaintiff's potential absenteeism.*

Plaintiff next contends that finding he had the RFC to engage in light work was error because the ALJ did not consider the effect working would have on Plaintiff. ECF No. 17 at 22-23 ("possibly leading to more severe depression and harmful coping mechanisms"). Specifically, Plaintiff argues that stress from work would potentially require medical attention and the ensuing missed work would render Plaintiff unemployable. ECF No. 23. This line of argument is entirely speculative. No support exists, and Plaintiff cites none, in the record for his contention. Furthermore, even if Plaintiff had supported his assertion, "[a] person is disabled when they are afflicted with limitations that prevent them from any substantial gainful activity, not when time constraints from impairments might foreclose a traditional employment schedule." *Oestreich v. Comm'r of Soc. Sec.*, No. 4:16-CV-00152-O-BL, 2016 WL 11259034, at *4 (N.D. Tex. Dec. 19, 2016), *report and recommendation adopted*, No. 4:16-CV-00152-O-BL, 2017 WL 1503155 (N.D. Tex. Apr. 27, 2017). The ALJ did not err in failing to accomodate Plaintiff's potential absenteeism.

### C. The ALJ's RFC Accommodation For Headaches Was Proper.

Plaintiff contends that the ALJ did not include any functional limitations corresponding to Plaintiff's severe impairment for headaches in the RFC determination. ECF No. 17 at 24-25. Defendant argues in response that the ALJ

accommodated Plaintiff's headaches by limiting Plaintiff to a reduced range of light work requiring the ability to understand, remember, and carry out detailed but not complex tasks, with no work at a forced pace. ECF No. 20 at 17.

Although the ALJ did not specifically attribute any functional limitations to Plaintiff's headaches, the ALJ's decision reflects that he considered Plaintiff's headaches in making the RFC determination. R. 17. In *Gonzalez v. Colvin*, the court found that although the ALJ "did not set forth any specific limitations in the RFC determination relating to *only*" the claimant's left wrist impairment, the functional limitations in the RFC took the impairment into account. No. 4:12-CV-641-A, 2014 WL 61171, at *6 (N.D. Tex. Jan. 6, 2014) (emphasis in original). Here, as in *Gonzalez*, the ALJ's functional limitation of light work took into account Plaintiff's headaches. *See Chapa*, 2022 WL 1176750, at *10 (RFC of light work for severe headaches). Even if this were not the case, Plaintiff does not identify any additional limitations he believes should have been included to account for his headaches. Thus, he has failed to carry his burden to show that the failure to include additional limitations caused him prejudice. *Jones*, 691 F.3d 734-35 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.").

## CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 17,

and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 19. The Commissioner's determination that Plaintiff is not disabled is **AFFIRMED** Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

      **SIGNED** at Houston, Texas, on September 27, 2022.

**Dena Hanovice Palermo**
**United States Magistrate Judge**